IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRACY SNELL                                                                                                    PLAINTIFF

v.                                           Case No. 4:21-cv-4029

KILOLO KIJAKAZI,
ACTING COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                        DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation issued on March 31, 2022, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 25).  The time to object has passed.  The matter is ripe for consideration.

**I.  BACKGROUND**

On April 5, 2021, Plaintiff filed this case as an appeal of Defendant's denial of her request for disability benefits.  On November 23, 2021, Defendant filed an unopposed motion asking for the case to be remanded to the Social Security Administration for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  On January 5, 2022, the Court granted that motion, thereby reversing and remanding the case to the Social Security Administration for further proceedings.

On March 23, 2022, Plaintiff filed a motion for fees and costs as the prevailing party.  (ECF No. 21).  She seeks attorneys' fees for 18.4 hours of work performed in 2021 and 0.5 hours of work performed in 2022, all at an hourly rate of $216.  She also seeks costs of $33.10.  In total, she seeks $4,115.50.

Defendant has no objection to Plaintiff's request for fees as the prevailing party, or to the number of hours claimed and the requested costs.  However, Defendant argues that Plaintiff seeks an incorrect hourly rate for the 18.4 hours of work done in 2021.  Rather than $216 per hour,

Defendant argues that Plaintiff should be awarded $206 per hour for the 2021 hours. After reducing the hourly rate, Defendant argues that Plaintiff is entitled to $3,931.50 in total fees and costs.

On March 31, 2022, Judge Bryant issued the instant Report and Recommendation. He finds that Plaintiff is entitled to $206 per hour for work performed in 2021 and $216 per hour for work performed in 2022. He finds further that Plaintiff is entitled to fees for 18.9 hours worked in 2021 and 2022 for this case, and costs of $33.10. Thus, he recommends that the Court grant in part Plaintiff's motion and award her $3,931.50 in total fees and costs. To date, neither Plaintiff nor Defendant have filed objections to the Report and Recommendation.

Also on March 31, 2022, Plaintiff filed an amended motion for attorneys' fees. (ECF No. 24). The amended motion seeks the same amount of costs, and fees for 0.5 hours of work done in 2022 at an hourly rate of $216. The amended motion now seeks $209 per hour for the 18.4 hours worked in 2021. The amended motion requests $3,988.91 in combined attorneys' fees and costs.

## II. DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* W.D. Ark. Local Rule 72.2(VII)(C). After conducting an appropriate review, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  The Court applies a "clearly erroneous" standard of review to the portions of a report and recommendation to which no specific objections have been made.  *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).; *see also* Fed. R. Civ. P. 72 advisory committee's note, subd. (b) (stating that, in the absence of objections, the reviewing court should ensure there is "no clear error on the face of the record").

Neither party has filed objections to the Report and Recommendation.  However, Plaintiff's amended fee petition, filed on the same day as the Report and Recommendation, could be liberally construed as objections because it requests a greater amount of attorneys' fees than Judge Bryant recommended.  Because the Report and Recommendation does not account for the amended motion, the Court will both consider the amended motion's arguments and, to whatever extent possible, also construe it as specific objections to the Report and Recommendation.

"Under federal law, attorneys' fees may be awarded against the United States only if such an award is specifically provided by statute." *Cornella v. Schweiker*, 728 F.2d 978, 981 (8th Cir. 1984).  Relevant to this case, the Equal Access to Justice Act (the "EAJA") lets a "prevailing party" seek reasonable attorneys' fees and other expenses in any civil action brought by or against the United States, including applications for judicial review of agency actions.  *See* 28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, the prevailing party is entitled to fees and costs unless the United States' position was substantially justified, or other special circumstances make an award unjust.  *Id.*; *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  An EAJA fee application must be made

3

within thirty days of the entry of final judgment or within thirty days after the expiration of the sixty-day time for appeal. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993).

There is no dispute that Plaintiff's fee application is timely, or that Plaintiff is a prevailing party for purposes of the EAJA. Defendant has not argued that a substantial justification or special circumstance that makes an award unjust here. Thus, Plaintiff is eligible for an award of reasonable attorneys' fees and costs.

The Court reviewed the affidavits and time records Plaintiff submitted for the work performed in this case. The Court agrees with Judge Bryant that the 18.9 hours billed, and the legal work performed, by Plaintiff's attorney are not excessive or unreasonable. Defendant does not dispute that Plaintiff is entitled to costs of $33.10 and fees for 0.5 hours of work done in 2022 at an hourly rate of $216. There are only two disputes. First, the parties disagree on the hourly rate that should be awarded for the 18.4 hours of work Plaintiff's attorney did in 2021. Second, the parties appear to dispute whether the EAJA award can be paid directly to Plaintiff's attorney or if it must be paid to Plaintiff. The Court will separately address these issues.

**A. EAJA Award**

The parties disagree on the hourly rate that should be awarded for 18.4 hours of work Plaintiff's attorney did in 2021. Plaintiff asks for an hourly rate of $209 for the 2021 hours.[1] Defendant argues that $206 is the appropriate rate for work done in 2021. Judge Bryant recommends that the Court award a rate of $206.

The EAJA caps the available attorneys' fees at "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The

---

[1] Plaintiff's initial fee application sought an hourly rate of $216 for the 2021 work. However, her amended fee petition seeks an hourly rate of $209 for the same work.

4

United States Department of Labor's Consumer Price Index ("CPI") is "proper proof of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [$125 per hour]." *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). The United States District Court for the Western District of Arkansas' Amended General Order 39 instructs that any cost-of-living adjustments for EAJA fee awards must be calculated using the CPI-South for December of the preceding year. *See* W.D. Ark. Amended General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) ("The amount of fees awarded under [the EAJA] shall be based upon prevailing market rates for the kind and quality of the services furnished.").

Here, the disputed hourly rate is for Plaintiff's billed hours in 2021, so the Court uses the CPI-South for December 2020.[2] The appropriate cost-of-living adjusted rate is calculated by multiplying the standard EAJA rate ($125) by the CPI-South for December 2020 (250.693), and then dividing the result by 152.4, the CPI-South for March 1996, the month Congress imposed the EAJA's statutory cap of $125.[3] *See Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004) (describing the formula for calculating EAJA cost-of-living adjustments). That yields $205.62, which when rounded to the nearest dollar is $206, the hourly rate Judge Bryant found reasonable to award for Plaintiff's 2021 billed work.

It appears that Plaintiff's amended motion calculated her requested hourly rate of $209 by using the national CPI for "all Urban Consumers, U.S. City Average, All Items."[4] However, the

---

[2] The CPI-South for December 2020, 250.693, can be found at: United States Bureau of Labor Statistics, *Consumer Price Index, South Region – December 2020*, https://www.bls.gov/regions/southeast/news-release/2021/consumerpriceindex_south_20210113.htm (last accessed April 20, 2022).

[3] The CPI-South for March 1996, 152.4, can be found at: United States Bureau of Labor Statistics, *Consumer Price Index: March 1996*, https://www.bls.gov/news.release/history/cpi_041296.txt (last accessed April 20, 2022).

[4] The national CPI for December 2020 is 260.474. *See United States Bureau of Labor Statistics, Consumer Price Index: December 2020*, https://www.bls.gov/news.release/archives/cpi_01132021.pdf (last accessed April 20, 2022). The national CPI for March 1996 is 155.7. *See United States Bureau of Labor Statistics, Consumer Price Index: March 1996*, https://www.bls.gov/news.release/history/cpi_041296.txt (last accessed April 20, 2022). Plugging those amounts into the formula described above yields an adjusted rate of $209.12, which when rounded to the nearest dollar

Western District of Arkansas' Amended General Order 39 requires that the CPI-South must be used to calculate adjusted attorneys' fee rates under the EAJA. As discussed above, use of the CPI-South gives $206 as the appropriate adjusted rate. Consequently, the Court agrees with Judge Bryant that an adjusted hourly rate of $206 per hour for work done in 2021 is reasonable and appropriate. Plaintiff will be awarded that rate for her attorney's 2021 billables.

**B. Payment of EAJA Fee**

The parties also dispute whether the award must be payable to Plaintiff or if it can be paid directly to her attorney. Plaintiff states that she executed an assignment to her attorney of all rights to an attorneys' fee award in this case, and that she owes no outstanding debt to the government. (ECF No. 24-5). Thus, she asks that the Court award her attorneys' fees and costs directly to her lawyer. Defendant responds that the EAJA fee award must be paid directly to Plaintiff, but that the check may be mailed to Plaintiff's attorney.

The EAJA provides for fees and costs to the prevailing party and is subject to an offset if the party has outstanding debts to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 589-594 (2010). The Court is unaware of any Eighth Circuit precedent addressing whether a valid assignment allows EAJA fees to be paid directly to an attorney. District courts in this circuit are split on the issue. *Compare Toye v. Astrue*, No. C 11-3035-MWB, 2012 WL 5932045, at *3 (N.D. Iowa Nov. 27, 2012) ("I do not interpret *Ratliff* to allow me to award fees directly to a litigant's attorney, even where the litigant has assigned EAJA fees to her attorney.") *with Sahs v. Astrue*, 832 F. Supp. 2d 1066, 1069 (D. Neb. 2011) ("Because Sahs expressly authorized direct payment to his attorney, . . . I will order that payment be made directly to Sahs' attorney, after an offset is made for any preexisting debt owed by Sahs to the United States.").

---

is $209, the hourly rate Plaintiff's amended motion seeks for work done in 2021.

Judge Bryant recommends that the award be paid directly to Plaintiff's attorney if Plaintiff executed a valid assignment and owes no debts to the federal government. Plaintiff offers an affidavit stating that she assigned to her attorney all her rights in an attorneys' fee award in this case. She also avers that she has no outstanding debt to the federal government. Thus, the Court reads the Report and Recommendation as recommending the payment of the EAJA award directly to Plaintiff's attorney.

Defendant has not objected, and the time to do so has passed. Thus, the Court need only review this recommendation for clear error. *See Grinder*, 73 F.3d at 795. To be sure, the EAJA does not contemplate payment of attorneys' fees directly to attorneys, but rather to the prevailing party. However, the EAJA does not expressly foreclose or preclude such a payment directly to counsel. "The concurring opinion in *Ratliff* and other Supreme Court cases recognize the obvious: '[t]he point of an award of attorney's fees, after all, is to enable a prevailing litigant to pay her attorney.'" *Johnson v. Astrue*, No. Civ 10-4052-RAL, 2011 WL 4458850, at *10 (D.S.D. Sept. 23, 2011) (quoting *Ratliff*, 560 U.S. at 600 (Sotomayor, J., concurring)). "The 'practical reality' is that attorneys are the beneficiaries and should be the 'ultimate recipients' of awards of attorney's fees to prevailing parties." *Id.* "Paying the fee award, minus any offset, directly to [Plaintiff's] attorney, in accordance with [Plaintiff's assignment], is not inconsistent with *Ratliff*. Indeed, by honoring [Plaintiff's] instructions, this Court recognizes that the fee award belongs to [her]." *Id.*

Based on this reasoning and the lack of objections from Defendant, the Court finds no clear error in Judge Bryant's recommendation. The Court will adopt it. The EAJA award shall be paid directly to Plaintiff's attorney. The Court will allow the government forty-five days to determine whether any portion of the EAJA award in this case is subject to offset and to remit to Plaintiff's

attorney the balance due after any appropriate offset is applied. *See id.* at *10-11 (ordering a similar course of action).

### III.  CONCLUSION

For the above-stated reasons and upon *de novo* review to the extent that Plaintiff's amended fee petition can be construed as specific objections, the Court adopts Judge Bryant's Report and Recommendation (ECF No. 25) *in toto*. Plaintiff's motions for attorneys' fees (ECF No. 21, 24) are **GRANTED IN PART AND DENIED IN PART**.

The Court awards Plaintiff attorneys' fees and costs totaling $3,931.50, representing 18.4 hours of work performed in 2021 at an hourly rate of $206.00; 0.5 hours for work performed in 2022 at an hourly rate of $216.00; and costs of $33.10. The Social Security Administration shall determine within forty-five days of the date of this order whether Plaintiff has outstanding debt to the federal government. If Plaintiff has no federal government debt, then the full award shall be paid directly to Plaintiff's attorney, Mickey Stevens. If Plaintiff has federal government debt, the amount of that debt shall be offset from the award and the difference shall be paid directly to Plaintiff's attorney.

**IT IS SO ORDERED**, this 20th day of April, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge